UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON McDERMOTT,<br><br>                    Plaintiff,<br><br>      v.<br><br>MATTHEW VALLEY, KIM MILLER,<br>DIANE KAUFMAN, LINDA GHERKE,<br>JAN EPP, DR. BUNT, BRUCE<br>COOPER, DR. PETERSON, DR.<br>BENTLY,<br><br>                    Defendants. | Case No. 3:11-cv-00331-BLW<br><br>**ORDER** |

Pending before the Court are several motions filed by Plaintiff that are ripe for adjudication. (Dkt. 11, 12, 15, 17.) Having reviewed the parties' briefing, as well as the record in this matter, the Court concludes that oral argument is unnecessary. Accordingly, the Court enters the following Order.

**BACKGROUND**

Plaintiff, an inmate at the Idaho Correctional Center in Orofino (ICIO) (and formerly an inmate at Idaho Maximum Security Institution (IMSI)), alleges that prison medical staff at ICIO and IMSI have refused and currently refuse to properly treat his ongoing severe constipation condition. Plaintiff alleges that he has bouts of constipation

**ORDER - 1**

that can last for days or weeks at a time, sometimes accompanied by bleeding. Plaintiff has complained to staff that the treatment being given is not adequately addressing his medical condition, but Plaintiff alleges that staff refuse to do anything more.

Defendants filed a response to Plaintiff's Motion for Preliminary Injunction, detailing a long course of different treatments offered to Plaintiff, some of which Plaintiff tried, and some of which Plaintiff refused. (Dkt. 20, 21.) Plaintiff alleges that Defendants' prescribed treatment is ineffective to solve his medical problems, and that, at times, Defendants prescribe treatment without reviewing Plaintiff's past medical history or listening to Plaintiff's oral history. (Dkt. 22, 23.)

## MOTION REGARDING SERVICE

Plaintiff was authorized to proceed against Defendants Matthew Valley, Kim Miller, Jan Epp, Rory York, Bruce Cooper, Dr. Bunt, and Dr. Peterson on his Eighth Amendment claims. (Dkt. 7.) All of the Defendants except Jan Epp have waived service of process. Because Jan Epp may be an Idaho Department of Correction employee, the Court will direct the Clerk of Court to send the Idaho Attorney General a waiver of service of summons on her behalf. However, because Ms. Epp may be a *former* employee, Plaintiff will be ordered to provide a physical service address where Ms. Epp currently resides or works, within 60 days after entry of this Order, to be used in case the Idaho Attorney General cannot waive service for Ms. Epp. Although Plaintiff filed a "Notice of Physical Address for Jan Epp" (Dkt. 16), the Notice contains only legal references, but no address.

**ORDER - 2**

Plaintiff's "Motion for Defendants to Pay the Full Costs of Service" is moot, given that most of the Defendants have waived service, and it is yet unclear whether Ms. Epp will waive service. A request for payment of costs of service is appropriate only if the plaintiff first requests that a defendant waive service, the defendant refuses, and the plaintiff incurs the cost of personal service, with the plaintiff having strictly followed the waiver of service instructions found in Rule 4 of the Federal Rules of Civil Procedure.

## MOTION FOR APPOINTMENT OF COUNSEL

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

To date, Plaintiff has articulated his claims sufficiently, and he is at no substantial disadvantage compared to other inmates because he has no legal training or few legal resources. Plaintiff's primary task in this case is to bring forward the *facts* supporting the claims; it is not necessary to provide legal argument or citations. Defendants have been ordered to voluntarily produce to Plaintiff all relevant information and documents to which they have access.

The Court will presently deny the motion for appointment of counsel without prejudice, but it will consider appointment at a later date if the case appears meritorious after the Court has had an opportunity to review Defendants' defenses and the parties'

**ORDER - 3**

evidence concerning the facts of the case.

## MOTION TO AMEND COMPLAINT

Plaintiff wishes to delete a statement from his original Complaint "where he points out facts against Rory York being 'walked off the yard (ISCI)' and that Plaintiff was a limited party in that suit." (Dkt. 15, p. 2.) While the import of this statement is unclear, Plaintiff's Motion will be granted to the extent that it will be considered notice to the Court and parties of deletion of these statements. Plaintiff will have to explain the meaning of the deletion if it becomes relevant to a pending motion in the future.

Plaintiff also wishes to add certain factual information to support the claims in his Complaint. He may add the information that he told Rory York, Dr. Peterson, and Dr. Bunt that Plaintiff's traumatic brain injury may be the cause of his constipation. This is not a new claim but simply factual information in support of his existing claim. It is not necessary to submit such information to supplement his *pleadings*; rather, Plaintiff should raise any additional factual information as *proof* of his claims in response to dispositive motions or at trial.

Plaintiff states that Kim Miller of CMS/Corizon intercepted medical records that Plaintiff ordered from the Clearwater Valley Hospital, and that she possibly confiscated letters, requests, concern forms, and grievances related to the records. Without more, this set of facts does not state a federal claim upon which relief can be granted, and, thus, Plaintiff cannot proceed on these facts as a claim, but Plaintiff may use these facts in support of his existing claims, if relevant, at an appropriate stage of this litigation.

**ORDER - 4**

Accordingly, Plaintiff's filing at Docket No. 15 will be denied as a request to amend the complaint, but Plaintiff may submit his additional facts at an appropriate time during the course of this litigation. Plaintiff's medical records, including those from outside providers that are contained in his prison medical records, should be made available to him during this action as a result of the Rule 26 mandatory disclosure requirements.

### MOTION FOR PRELIMINARY INJUNCTION

To be entitled to preliminary injunctive relief, the movant must show each of the following: (1) a likelihood of success on the merits; (2) that irreparable harm is likely, not just possible, if the injunction is not granted; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council,* 555 U.S. 7 (2008). In applying the *Winter* test, the United States Court of Appeals for the Ninth Circuit has instructed that, if a party cannot show a likelihood of success on the merits, but raises "serious questions going to the merits," a preliminary injunction may issue if the balance of equities tips "sharply" in the party's favor, and the other two elements (irreparable harm and public interest) are also satisfied. *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (holding that this aspect of the Ninth Circuit's sliding scale test survived *Winter*).

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Where, as here, a party seeks a

**ORDER - 5**

mandatory preliminary injunction, the court must deny such relief "unless the facts and law clearly favor the moving party." *See Stanley v. University of S. Cal.*, 13 F.3d at 1320 (quotation and citation omitted). In deciding whether to issue a preliminary injunction, the court "is not bound to decide doubtful and difficult questions of law or disputed questions of fact." *Internat'l. Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (citing *Dymo Industries, Inc. v. Tapewriter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)). A court "is not obligated to hold a hearing [on a motion for a preliminary injunction] when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley v. Pittsburgh Board of Education,* 910 F.2d 1172, 1176 (3rd Cir. 1990).

Here, Plaintiff requests that Defendants be required to provide him with brand-name Metamucil instead of generic psyllium to help him with his constipation problem. (Dkt. 17.) Defendants respond that they have provided Plaintiff with Metumucil, generic psyllium, and other medications or dietary supplements, but that Plaintiff has been uncooperative in staying with any prescribed regimen. Dr. Peterson checked on the difference between Metamucil and generic psyllium, but could find no clinical difference or outcome data suggesting that constipation would result from generic psyllium. (York Aff. ¶ 26.) Plaintiff states that it does not make sense that Metamucil would work for him, and generic psyllium would not, but he firmly believes that is the case, based on his self-observed symptoms.

Defendants report that Plaintiff has not followed Defendants' instructions on how

they wish to test these products with Plaintiff, because he is reported to have stopped or altered the intake of the products on his own in the midst of the testing periods. (York Aff. ¶¶ 14-15.) Metamucil was prescribed once per day on March 16, 2011, and changed to twice per day (per Plaintiff's request) on April 14, 2011. (Id.) Plaintiff began refusing Metamucil after that date, and Defendant York changed the Metamucil order to "as needed" for the remainder of the time period. (*Id*.) Plaintiff seems to allege that, at some point in time, the pharmacy changed the Metamucil to generic psyllium without notifying him, and that Plaintiff stopped its use because it was bothering his intestines.

Defendants have performed several tests on Plaintiff, including a biopsy and colonscopy, which show that his bowels appear to be functioning normally. Defendants have consulted with an outside gastro-intestinal provider, who had no concern about any serious colonic disorder. (York Aff. ¶ 20.)

Plaintiff argues that his mother found an outside physician who contradicted Dr. Peterson's research, and that his mother also found other medical documentation supporting Plaintiff's claims that Metamucil was different from the generic version. However, Plaintiff has not provided this doctor's opinion to the Court.

Plaintiff has not shown entitlement to a granting of a preliminary injunction requiring Defendants to provide him with Metamucil. Plaintiff has no medical opinion supporting his request, and it is not clear from the record that Plaintiff has given Defendants an opportunity to test the medications properly, because Plaintiff has refused to comply with the tests to completion. Accordingly, Plaintiff has not shown a likelihood

**ORDER - 7**

of success on the merits or that irreparable harm is likely if the Court does not order that Plaintiff be prescribed Metamucil rather than generic psyllium.

Neither has Plaintiff shown that the balance of equities tips in its favor. While inmates are entitled to adequate medical care, they must be compliant in doing their part in the diagnosis of their health issues. Just because Plaintiff reports to medical providers that, in the past, certain prescriptions or dietary supplements have not worked well, new medical providers are entitled to test different combinations and dosages, as well as try new and different products, as Defendants here have done. Similarly, Plaintiff has not shown that a injunction is in the public interest, where Plaintiff requests that the Court step into the role of a medical provider and order Defendants to provide a certain type of medication or dietary supplement, without a medical opinion that supports that type of treatment. For these reasons, the request for a preliminary injunction will be denied, and Plaintiff may proceed to the merits of the claims in his Complaint.

## ORDER

**IT IS ORDERED:**

1.      Plaintiff's Motion for Appointment of Counsel (Dkt. 11) is DENIED without prejudice.

2.      Plaintiff's Motion to Require Defendants to Pay Full Costs of Service (Dkt. 12) is MOOT.

3.      Plaintiff's Motion to Amend Complaint and Supplement New Information to Complaint (Dkt. 15) is GRANTED to the extent that it is considered a

notice, but is DENIED to the extent that the request sets forth no new claims upon which relief can be granted. Plaintiff is free to submit his additional facts in support of his existing claim at an appropriate stage of this litigation.

4.      Plaintiff shall file a notice of service address for Jan Epp within **60 days** after entry of this Order. Failure to do so will result in dismissal of all claims against Ms. Epp, without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that the following pretrial schedule shall apply in this case:

A.      <u>**Disclosure of Relevant Information and Documents:**</u> The parties are reminded of their continuing duty to disclose relevant documents and information as set forth in the Initial Review Order. This duty continues until the date of trial or the date the case is dismissed.

B.      <u>**Completion of Discovery and Requests for Subpoenas:**</u> All discovery shall be completed on or before **April 30, 2013**. Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery cut-off date. Discovery is exchanged between parties, not filed with the Court. The Court is not involved in discovery unless the parties are unable to work out their differences between themselves as to whether the discovery responses are appropriate. In addition, all requests for subpoenas duces tecum (pretrial

ORDER - 9

production of documents by nonparties) must be made by **March 29, 2013**.
No requests for subpoenas duces tecum will be entertained after that date.
(Subpoena requests for trial appearances of witnesses shall not be filed until
the case is se for trial.) To obtain a subpoena duces tecum for production of
documents by nonparties, Plaintiff must first submit to the Court the names,
addresses, and the type of information sought from each person or entity to
be subpoenaed, and Plaintiff must explain the relevance of the items
requested to the claims. The Court will then determine whether the
subpoenas should issue.

C.   **<u>Depositions</u>**: Depositions, if any, shall be completed on or before **April 30,
2013**. If Defendants wish to take the deposition of Plaintiff or other
witnesses who are incarcerated, leave to do so is hereby granted. Any such
depositions shall be preceded by ten (10) days' written notice to all parties
and deponents. The parties and counsel shall be professional and courteous
to one another during the depositions. The court reporter, who is not a
representative of Defendants, will be present to record all of the words
spoken by Plaintiff (or other deponent), counsel, and any other persons at
the deposition. If Plaintiff (or another deponent) wishes to ensure that the
court reporter did not make mistakes in transcribing the deposition into a
written form, then Plaintiff can request the opportunity to read and sign the
deposition, noting any discrepancies between what is transcribed and what

**ORDER - 10**

Plaintiff believes was said. If Plaintiff wishes to take depositions, Plaintiff must file a motion requesting permission to do so, specifically showing the ability to comply with the applicable Federal Rules of Civil Procedure by providing the names of the proposed persons to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of the cost.

D.   **Dispositive Motions:** All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on or before **June 28, 2013**. Responsive briefs to such motions shall be filed within thirty (30) days after service of motions. Reply briefs, if any, shall be filed within fourteen (14) days after service of responses. All motions, responses, and replies shall conform to Rule 7.1 of the Local Rules for the District of Idaho**. Neither party shall file supplemental responses, replies, affidavits, or other filings not authorized by the Local Rules without prior leave of Court. No motion or memorandum, typed or handwritten, shall exceed 20 pages in length.**

E.   **Alternative Dispute Resolution (ADR)**. Should Plaintiff and any Defendant wish to attend a settlement conference, they should file a stipulation to attend settlement conference, and the case shall then be referred to the Court's ADR Director, Susie Boring-Headlee.

**ORDER - 11**



DATED: **January 29, 2013**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER - 12**